IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONE BROOKS, | : | 1:09-cv-2482 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| CENTRAL DAUPHIN SCHOOL | : | |
| DISTRICT, *et al.*, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**September 21, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 4), filed on August 31, 2011, which recommends that this action be dismissed without prejudiced based on Plaintiffs' failure to exhaust administrative remedies.[1]  Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[2]   For the reasons set forth below, the Court will adopt the R&R.

---

[1] Magistrate Judge Blewitt also recommends that the action be dismissed for failure to state a claim to the extent that Plaintiff is seeking to require the Central Dauphin School District to enroll her children as students despite the fact that they do not live in the District.

[2] Objections were due by September 19, 2011.

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; <u>see also Henderson</u>, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); <u>Tice v. Wilson</u>, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); <u>Cruz v. Chater,</u> 990 F. Supp. 375-78 (M.D. Pa. 1998); <u>Oldrati v. Apfel</u>, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

*Pro se* Plaintiff Simone Brooks filed this action on August 22, 2011 against the Central Dauphin School District ("CDSD").  While Plaintiff set forth her claim on a civil rights complaint form provided by the Court, the relief sought therein is "an expedited order for my children to start school in Central Dauphin School

District for as long as my mother, Rita Brooks, owns the land that my children are [heirs] too [*sic*]." Central Dauphin is the appropriate school district at this time. (Doc. 1, p. 2).³ Thus, although it is less than clear, the Plaintiff's complaint seems to assert claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and the Fourteenth Amendment Due Process Clause, pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis*, which Magistrate Judge Blewitt recommends be granted.

Based on the recommendation that the *in forma pauperis* motion be granted, the Magistrate Judge screens the Plaintiffs' pleading under 28 U.S.C. § 1915(e). Magistrate Judge Blewitt aptly notes that the exhaustion requirement of the IDEA is jurisdictional, and moreover, Plaintiff has evidently failed to exhaust any administrative remedies. Thus, Magistrate Judge Blewitt recommends dismissal of the action with out prejudice, based on Plaintiff's failure to exhaust administrative remedies.

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind

---

³ Plaintiff has filed a previous, virtually identical, action with this Court, namely, *Brooks v. Central Dauphin School District*, Civil No. 09-2482, M.D. Pa. On February 26, 2010, we adopted Magistrate Judge Blewitt's R&R and dismissed that action without prejudice based on Plaintiff's failure to exhaust her administrative remedies provided by Pennsylvania.

towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.